**HUNT WESSON FOODS, INC.,**
**Plaintiff-Appellee,**

v.

**SUPREME OIL COMPANY,**
**Defendant-Appellant.**

No. 86–5831.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 5, 1987.

Decided May 11, 1987.

Martin David Tropper, Brooklyn, N.Y., for defendant-appellant.

Thomas B. Cummings, Santa Ana, Cal., for plaintiff-appellee.

Before PREGERSON and NORRIS, Circuit Judges, and LOVELL,* District Judge.

LOVELL, District Judge:

Appellant, Supreme Oil Company (Supreme), a New Jersey Corporation, has appealed from orders of the district court remanding the instant breach of contract action to the Superior Court of Orange County, California, and denying relief under Fed.R.Civ.P. 60(b). The district court held that the forum selection clause in the contract mandated that all disputes arising under the contract be resolved by the Orange County court. We reverse.

## I. *Background*

Appellee, Hunt Wesson Foods, Inc. (Hunt), is a Delaware corporation, with its corporate offices in Orange County, California. Hunt delivered 680,000 pounds of vegetable oil to Supreme in New Jersey for the price of $168,449.70. Supreme paid Hunt $15,000 before realizing that the oil did not contain the anti-foaming additive specified in the contract. Supreme refused to pay the balance due, and Hunt brought this action in the California Superior Court for Orange County. Following Hunt's service of process on Supreme in New Jersey, Supreme filed a petition for removal to the United States District Court for the Central District of California.

The contract included a forum selection clause which provided that:

> [the] Buyer and Seller expressly agree that the laws of the State of California shall govern the validity, construction, interpretation and effect of this contract. The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract.

Supreme contended that the clause granted the Orange County court jurisdiction but did not grant it exclusive jurisdiction. Hunt filed an opposition to removal, which the district court treated as a motion to remand to the state court. Supreme then filed its opposition to the motion to remand and a motion to transfer the action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). The district court held, inter alia, that the forum selection clause was enforceable and that it mandated that the action be heard by the Orange County Superior Court. The court then remanded the case to the state court. Supreme filed a motion for relief from the district court's judgment under Fed.R.Civ.P. 60(b), which

---

* The Honorable Charles C. Lovell, United States District Judge for the District of Montana, sitting by designation.

the district court denied. On appeal Supreme contends that the district court erred in interpreting the clause as a mandatory forum selection clause and in denying relief under Rule 60(b).[1]

## II. *Standard of Review*

■ Because the interpretation of this contractual language turns not on the credibility of extrinsic evidence but simply on an analysis of the language and an application of the principles of contract interpretation, the district court's interpretation of the forum selection clause is reviewed *de novo*. *See Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 367 (9th Cir.1985).

## III. *Interpretation of Forum Selection Clause*

In their interpretation of the forum selection clause, both the district court and appellee rely heavily on *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir.1984), where this court held that a forum selection clause is enforceable:

> Absent some evidence submitted by the party opposing enforcement of the clause to establish fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court, [such a] provision should be respected as the expressed intent of the parties.

In *Pelleport,* we were concerned with the validity and enforceability of a forum selection clause which provided: "[A]ny and all disputes arising out of or in connection with this Agreement shall be litigated *only* in the Superior Court for Los Angeles, California (*and in no other*), and Exhibitor hereby consents to the jurisdiction of said court." *Id.* at 275 (emphasis added). There was no contention in *Pelleport* that the language of the forum selection clause did not provide for an *exclusive* forum. The sole question was whether the clause was valid and enforceable. Here, the sole question is whether the forum selection clause provides for *exclusive* jurisdiction in

the California state court and mandates that the claim be litigated in the state court for Orange County.

■ A primary rule of interpretation is that "[t]he common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it." 4 S. Williston, *A Treatise on the Law of Contracts* § 618 (W. Jaeger 3d ed. 1961). Here, the plain meaning of the language is that the Orange County courts shall have jurisdiction over this action. The language says nothing about the Orange County courts having exclusive jurisdiction. The effect of the language is merely that the parties consent to the jurisdiction of the Orange County courts. Although the word "shall" is a mandatory term, here it mandates nothing more than that the Orange County courts have jurisdiction. Thus, Supreme cannot object to litigation in the Orange County Superior Court on the ground that the court lacks personal jurisdiction. Such consent to jurisdiction, however, does not mean that the same subject matter cannot be litigated in any other court. In other words, the forum selection clause in this case is permissive rather than mandatory.

In comparison, in cases in which forum selection clauses have been held to require litigation in a particular court, the language of the clauses clearly required *exclusive* jurisdiction. As noted above, in *Pelleport* the language used was exclusive and mandatory: "this Agreement shall be litigated *only* in the Superior Court for Los Angeles (*and in no other*)." *Pelleport,* 741 F.2d at 725 (emphasis added). In *FullSight Contact Lens Corp. v. Soft Lenses, Inc.,* 466 F.Supp. 71, 72 (S.D.N.Y.1978), the court enforced the following language as exclusive: "any dispute ... *shall be brought* in either San Diego or Los Angeles County." (emphasis added). In both of these cases it is clear that the language mandates more than that a particular court has jurisdiction. The language mandates

---

**1.** Both the district court's remand order and its denial of relief under Rule 60(b) are appealable. *See Kapco Mfg. Co. v. C & O Enterprises, Inc.,* 773 F.2d 151, 153 (7th Cir.1985); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273, 276–77 (9th Cir.1984).

that the designated courts are the only ones which have jurisdiction. Here the language clearly falls short of designating an exclusive forum.

Although we are of the opinion that the language is not ambiguous, we would reach the same result if it were ambiguous. Another fundamental rule of contract interpretation is that where language is ambiguous the court should construe the language against the drafter of the contract. *Interpetrol Bermuda Ltd. v. Kaiser Aluminum Int'l Corp.*, 719 F.2d 992, 998 (9th Cir.1983); *United States v. Haas and Haynie Corp.*, 577 F.2d 568, 574 (9th Cir.1978). Hunt drafted the contract. Construing the language against Hunt, we would conclude that the clause does not provide for an exclusive forum. *See Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231 (11th Cir. 1985); *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955 (5th Cir.1974); *First Nat'l City Bank v. Nanz, Inc.*, 437 F.Supp. 184, 187 (S.D.N.Y.1975).

Finally, apparently in an attempt to determine the intent of the parties, the district court noted that the inclusion of the language at issue would add nothing to the contract unless it is interpreted to designate an exclusive forum. The court's conclusion was based on its belief that the California courts (both state and federal) would have jurisdiction notwithstanding the clause. Because all events surrounding the contract occurred in New Jersey, and because Supreme does not transact business in California, Supreme argues that it does not have sufficient contacts with the State of California to confer jurisdiction. Hunt argues that there are sufficient facts in the record to establish the necessary contacts. From our review of the record we are convinced that there is insufficient evidence for the trial court to assume that the California courts would have jurisdiction absent the forum selection clause.[2] On the contrary, the affidavits and documents filed in support of Supreme's opposition to Hunt's motion to remand clearly indicates that the purchase orders and delivery of the products were handled by New Jersey representatives in New Jersey offices and plants of both parties. Viewing the record as a whole, the district court's implied finding of sufficient contacts with California is clearly erroneous. We find no reasonable basis for the district court's conclusion that the forum selection clause would be meaningless unless interpreted as mandatory.

IV. *Conclusion*

We conclude that the forum selection clause does not confer exclusive and mandatory jurisdiction on the Orange County Superior Court and that the district court erred in remanding the action to state court. Having reached this conclusion, we see no need to address the merits of appellant's contention that the court erred in denying relief pursuant to Fed.R.Civ.P. 60(b). The district court's remand order is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

---

**2.** We review the district court's findings of fact regarding the jurisdictional question under the clearly erroneous standard of review. *See Lads Trucking Co. v. Board of Trustees of the Western Conference of Teamsters Pension Fund*, 777 F.2d 1371, 1373 (9th Cir.1985). We review *de novo* the district court's ruling regarding the existence of personal jurisdiction based on these facts. *See Haisten v. Grass Valley Medical Reimbursement*, 784 F.2d 1392, 1396 (9th Cir.1986).