[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is a motion to dismiss that is premised on what the defendant contends is a choice of forum clause contained in an agreement between the parties. The plaintiff is Jeffrey Friedman M.D., a physician with an office located in Newtown, Connecticut. (First count, ¶ 1.) The defendant is Jamison Business Systems, Inc., a New York corporation with a principal place of business located in Smithtown, New York. (First count, ¶ 2.) CT Page 1917
On June 16, 2000, the plaintiff and defendant entered into an arrangement whereby the defendant would provide the plaintiff with computerized billing, claims handling and record keeping for the plaintiffs medical practice. (First count, ¶ 13.) This lawsuit arose because the software the defendant provided the plaintiff allegedly did not function properly. (First count, ¶ 20.)
The plaintiff filed this lawsuit on August 20, 2001. The defendant filed an appearance in this matter on October 9, 2001. The defendant filed the present motion to dismiss, asserting lack of jurisdiction,[1]
accompanied by a memorandum of law and a copy of the agreement, on October 10, 2001. The. plaintiff filed an objection to the motion to dismiss on October 18, 2001.
"A motion to dismiss . . . properly attacks the jurisdiction of the court. . . ." (Internal quotation marks omitted.) Ferreira v. Pringle,255 Conn. 330, 346, 766 A.2d 400 (2001). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) Id. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). "It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.)Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11, 722 A.2d 271
(1999).
"Connecticut case law is clear that the courts will uphold an agreement of the parties to submit to the jurisdiction of a particular tribunal."Phoenix Leasing, Inc. v. Kosinski, 47 Conn. App. 650, 653, 707 A.2d 314
(1998). "[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court. . . . Absent a showing of fraud or overreaching, such forum clauses will be enforced by the courts." (Citations omitted; internal quotation marks omitted.) United StatesTrust Co. v. Bohart, 197 Conn. 34, 42, 495 A.2d 1034 (1985). "When the court selected is reasonably appropriate, and where there is no indication that the parties had such greatly disproportionate bargaining power that the agreement could be regarded as unconscionable, the tendency is to give effect to such agreements." (Internal quotation marks omitted.) Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495,498, 495 A.2d 286 (1985). In this case, there is no claim of fraud or overreaching, and there is no indication of greatly disproportionate bargaining power that would render this agreement unconscionable. CT Page 1918
"[A] contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." (Internal quotation marks omitted.) OCI Mortgage Corp. v.Marchese, 255 Conn. 448, 466, 774 A.2d 940 (2001).
 The general rule, as demonstrated by several federal cases, is that a forum selection clause conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion. See Boutari and Son, Wines and Spirits v. Attiki Importers and Distributors, Inc., 22 F.3d 51, 52 (1994) (The general rule in cases containing forum selection clauses is that [w]hen only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive.); see also Docksider, Ltd. v. Sea Technology, Ltd., 875 F.2d 762, 764 (9th Cir. 1989); Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77-78, (9th Cir. 1987).
 Connecticut case law also appears to impose the requirement that the language of the clause indicate that the forum choice is exclusive. See Dan Perkins Chevrolet v. Auto Tell Services, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 36508 (March 17, 1992, Flynn, J.); Copelco Leasing Corp. v. Fox, Superior Court, judicial district of New Haven at New Haven, Docket No. 324266 (February 7, 1992, DeMayo, J.). (5 Conn.L.Rptr. 8).
(Internal quotation marks omitted.) IDV North America v. Illva Saronno,S.P.A., Superior Court, judicial district of Hartford, Docket No. 058059 (September 9, 1999, Teller, J.).
The agreement contains the following provision: "This agreement shall be governed by the laws of the State of New York. Any and all actions for enforcement of the provisions hereof or for damages arising out of a violation of the terms hereof may be brought in the Courts of the State of New York and CLIENT hereby consents to such jurisdiction." The client is the plaintiff The defendant asserts that New York courts have exclusive jurisdiction over this action. The court does not agree. Use of the term "may" is permissive, and does not confer exclusive jurisdiction on New York courts over matters arising out of the agreement. Although the plaintiff waived his right to object to in personam jurisdiction in New York, he did not consent to exclusive jurisdiction in New York courts.
The defendant also argues that the inclusion of the choice of law CT Page 1919 provision providing that the agreement would be governed by New York law further supports its argument that the parties intended that New York courts would have exclusive jurisdiction over this action. The court does not agree. It is well established that Connecticut courts are competent to apply the law of a foreign jurisdiction; Elgar v. Elgar, 238 Conn. 839,850, 679 A.2d 937 (1996); and the inclusion of this choice of law provision does not evidence an intention on the part of the parties to provide for exclusive jurisdiction in New York courts.
The sole ground the defendant asserts in its motion to dismiss is the existence of the choice of law provision in the agreement. For the foregoing reasons, the court concludes that the provision does not divest this court of jurisdiction. Accordingly, the motion to dismiss is denied.
 ___________________ White, J.