[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
These two cases are before the court on a Motion to Dismiss filed in each matter. In the Equitable Factors LLC v. Sports One, Inc. et al.,
there is a forum selection clause in one of the documents detailing the relationship between the parties. There is no such clause in the documents by and between the parties in Synergy Nutritional Industries,Inc. v. Sports One, Inc. et al. The defendants' motion to dismiss in this matter is based upon claims arising out of the relationship between the two plaintiffs.
The underlying action in both of these matters is an application for prejudgment remedy brought by each on the respective plaintiffs against the defendants. Each plaintiff is claiming damages arising out of their respective business relationships with the defendants.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). (Emphasis omitted; internal quotation marks omitted.) The motion to dismiss "admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45
(1983). "The court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." Savage v.Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990).
 I. EQUITABLE FACTORS
The forum selection clause at issue here contains the following language: "21. Jurisdiction and Venue. Client hereby irrevocably argues that all actions and proceedings arising out of or in any way connected with this Agreement should be litigated in courts having situs within the CT Page 15582 City of Ft. Walton Beach, State of Florida, and client hereby consents and submits to the jurisdiction of any local, state or federal court located within said jurisdiction. . . . Client hereby waives any right it may have to transfer or change the venue of any litigation arising out of or in any way connected with this Agreement."
"Client" in the context of this document is Sports One, Inc. The agreement containing this language is an accounts receivable purchase agreement between the plaintiff and Sports One, LLC. The defendant, Peter Klein also individually provided funds pursuant to this Agreement which are also the subject of this action by plaintiff. Klein, also signed an acknowledgment which states "The issuer acknowledges that the check is tendered and delivered in Okaloosa County, Florida. The exclusive venue and jurisdiction for any action to collect sums due or otherwise enforce payment shall be in the Okaloosa County Court, State of Florida."
The defendant Sports One, Inc. is a Connecticut corporation and Peter Klein is a Connecticut resident. Equitable Factors, LLC and Synergy Nutritional Industries, Inc. are both entities of Florida. Neither defendant asserts that the Connecticut court lacks personal jurisdiction over them, or, in the alternative, that they lack sufficient minimum contacts with Connecticut to satisfy due process requirements. Therefore, the motion to dismiss filed by Equitable shall turn solely upon a determination as to whether the forum selection clauses are mandatory or permissive in nature. The plaintiff argues that these clauses merely reflect the defendants' consent to jurisdiction and venue in Okaloosa County, Florida.
"The general rule, as demonstrated by several federal cases, is that a forum selection clause conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion. See Boutari and Son, Wines and Spirits v.Attiki Importers and Distributors, Inc., 22 F.3d 51, 52 (1994) (The general rule in cases containing forum selection clauses is that [w]hen only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive.); see also Docksider, Ltd. v. Sea Technology,Ltd., 875 F.2d 762, 764 (9th Cir. 1989); Hunt Wesson Foods, Inc. v.Supreme Oil Co., 817 F.2d 75, 77-78, (9th Cir. 1987).
"Connecticut case law also appears to impose the requirement that the language of the clause indicate that the forum choice is exclusive. SeeDan Perkins Chevrolet v. Auto Tell Services, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 36508 (March 17, 1992, Flynn, J.); Copelco Leasing Corp. v. Fox, Superior Court, CT Page 15583 judicial district of New Haven at New Haven, Docket No. 324266 (February 7, 1992), DeMayo, J.). (5 Conn.L.Rptr. 8). (Internal quotation marks omitted.) IDV North America v. Illva Saronno, S.P.A., Superior Court, judicial district of Hartford, Docket No. 058059 (September 9, 1999,Teller, J.)." Friedman v. Jamison Business Systems, 2002 cf. Sup. 1916,31 CLR 473, (White, J.).
The jurisdiction and venue provision of the Agreement regulating the business relationship between the parties does not contain any language that the forum choice of Florida is exclusive, to the exclusion of all other forums.
Further, the matter before the court, presently is a prejudgment remedy application. While there is not language of exclusivity to the Florida forum, it would appear to the court that it could be fairly inferred that the purpose of this forum selection clause, drafted by the plaintiffs, is to ensure that it could sue the defendant in its home state if it chose to do so. Instead, plaintiffs chose to initiate these special proceedings in Connecticut so that they might seek security where the defendants' assets, as they may exist, are located.
After plaintiffs initiated these two actions, the defendants initiated an action in Florida against the plaintiffs claiming, inter alia,
trademark infringement. A counterclaim was filed there that mirrors the claims here.
Counsel for plaintiffs has expressed a willingness to litigate the underlying claims to this prejudgment remedy action in either Florida or Connecticut, but a desire to pursue this prejudgment remedy application here in Connecticut where the defendants are located.
The language of the forum selection clause does not have the indicia of exclusivity about it. Therefore the court construes it only as permissive.[1]
 II. SYNERGY
There is no forum selection clause in the consignment agreement which is the operative agreement by and between the parties to this lawsuit. There is a choice of law agreement which provides that the validity, construction and performance of the agreement is to be governed by Florida laws.
Notwithstanding the lack of a forum selection clause in the consignment agreement, defendants argue that the forum selection clause in the CT Page 15584 agreement between Equitable Factors and Sports One, Inc. should apply. It is the defendants' argument that because Synergy manufactured products sold to Sports One, which accounts were then sold to Equitable Factors, it was all one transaction and therefore subject to the same agreement provisions. Further, a certain check at issue in the matter for monies owed to Equitable Factors was made payable to Synergy at the direction of an individual named Osborne, who was the president of both organizations.
The court considers the allegations in the most favorable light to the plaintiffs. Savage, op. cit. The parties to this action are different. While the underlying transactions between the two prejudgment remedy applications are related they are not the same. The agreement containing the forum selection clause is not applicable to the legal relationships between Synergy and Sports One, Inc., et al. The motion to dismiss as to this action must fail.
For the reasons stated above the Motion to Dismiss filed in each of these matters is denied.
 ___________________ Lynda B. Munro Judge of the Superior Court