FILED

FEB 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

IZUMI OHKUBO,

        Plaintiff - Appellant,

  v.

ANTARA BIOSCIENCES, INC.; et al.,

        Defendants - Appellees.

No. 08-17467

D.C. No. 5:07-cv-06354-JW

MEMORANDUM [*]

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted January 14, 2010
San Francisco, California

Before: KOZINSKI, Chief Judge, WALLACE and CLIFTON, Circuit Judges.

    Izumi Ohkubo appeals the district court's dismissal of this action upon

Defendants' Rule 12(b)(3) motion to dismiss for improper venue. The district

court held that a forum selection clause in the parties' investment agreement

designated the Tokyo District Court the exclusive forum for lawsuits related to the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

agreement, making venue in the Northern District of California improper. Because "the interpretation of contractual language in [this] forum selection clause does not turn on the credibility of extrinsic evidence but on an application of the principles of contract interpretation, we review the district court's interpretation *de novo*." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). We affirm the district court's judgment and do not reach Defendants' alternative argument that the case should be dismissed on *forum non conveniens* grounds.

The district court analyzed an English translation of the parties' investment agreement that Ohkubo attached to his complaint. "Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). As a "factual assertion" of the correct English rendering of the parties' Japanese-language agreement, Ohkubo's translation was such a judicial admission. Ohkubo could have sought to amend, but did not. Nor, as counsel clarified at oral argument, did he provide the court with an alternative translation, which might have been considered a tacit motion to amend. With no alternative English translation to consider, the court was entitled to rely upon the only English version of the agreement before it. Ohkubo's later-submitted evidence that articles do not exist in the Japanese language is

2

superfluous because "[j]udicial admissions . . . have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Am. Title Ins. Co.*, 861 F.2d at 226. Ohkubo's translation—a judicial admission that he never attempted to amend—eliminated the need for any further evidence on how the forum selection clause should be translated.

The translated forum selection clause reads: "The Tokyo District Court shall be the court with jurisdiction regarding lawsuits related to this Memorandum." This clause uses "language that clearly designates a forum as the exclusive one." *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995). "[T]he word 'shall' is a mandatory term," *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987), and "*the* court with jurisdiction" expressly indicates exclusivity in a way that the clause at issue in *Hunt Wesson* did not.

Because the existing record supports our decision, Defendants' motion for permission to file a request for judicial notice and Ohkubo's conditional request for judicial notice are denied as moot.

**AFFIRMED.**