**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CALISHER & ASSOCIATES, INC., a
California corporation,

          Plaintiff-counter-defendant -
Appellee,

  v.

 RGCM, LLC, a Texas limited liability
company; MASTERCRAFTERS
CONSTRUCTION & DEVELOPMENT,
INC., a Texas corporation; PAUL
MANOHARAN, an individual, AKA
Paulrajan Manoharan; RON ROCK, an
individual,

          Defendants - Appellants,

RIO GRANDE MEDICAL CENTER,
LTD., AKA Rio Grande City Medical
Center, Ltd., AKA Tropy Plex Medical
Center, Ltd., AKA RGCMC, Ltd.,

          Defendant-counter-claimant -
Appellant.

No. 08-56978

D.C. No. 2:08-cv-06523-MMM-E

MEMORANDUM *

---

     * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| CALISHER & ASSOCIATES, INC., a California corporation, | No. 08-56979 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 2:08-cv-06540-MMM-E |
| v. | |
| PHARR MEDICAL CENTER LTD., a Texas limited partnership, DBA Valley Medical Center, Ltd., | |
| Defendant-counter-claimant - Appellant, | |
| VMC, LLC, a Texas limited liability company, AKA VMC General, LLC; MASTERCRAFTERS CONSTRUCTION & DEVELOPMENT INC., a Texas corporation; PAUL MANOHARAN, an individual AKA Paulrajan Manoharan; RON ROCK, an individual, | |
| Defendants - Appellants, | |
| and | |
| RGCM, LLC, a Texas limited liability company; RIO GRANDE MEDICAL CENTER, LTD., AKA Rio Grande City Medical Center Ltd., AKA Tropy Plex Medical Center, Ltd., AKA RGCMC, Ltd., | |
| Defendants. | |

2

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted March 3, 2010[**]
Pasadena, California

Before:    KOZINSKI, Chief Judge, W. FLETCHER, Circuit Judge, and
GETTLEMAN,[***] District Judge.

The district court remanded these cases to the Los Angeles Superior Court after finding that the contracts at issue selected that court as the exclusive forum for the parties' dispute. We affirm.

We have jurisdiction to hear defendants' appeals from the district court's remand order. *See Kamm v. ITEX Corp.*, 568 F.3d 752, 757 (9th Cir. 2009). Federal law governs the enforceability of forum selection clauses in cases removed on the basis of diversity jurisdiction. *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). We review de novo the district court's interpretation of a forum selection clause. *See Hunton Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987).

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert W. Gettleman, United States District Judge for the Northern District of Illinois, sitting by designation.

The clause — stating that "litigation shall be subject to the laws and Rules of Evidence of the state of California with the venue being Los Angeles County Superior Court" — requires that claims arising from the contract be litigated in the Los Angeles County Superior Court. "This language requires enforcement of the clause because [defendants] not only consented to the jurisdiction of the state courts of [California], but further agreed by mandatory language that the venue for all actions arising out of the [contract] would be [Los Angeles County Superior Court]." *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (interpreting the clause "Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia.").

The clause does not use permissive language nor does it merely evince consent to the jurisdiction of the Los Angeles Superior Court. The clause is therefore distinguishable from the clauses at issue in the cases relied on by defendants. *See Hunt Wesson*, 817 F.2d at 76–78 ("The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract."); *N. Cal. Dist. Council of Laborers v. Pittsburg - Des Moines Steel Co.*, 69 F.3d 1034, 1036 (9th Cir. 1995) ("A decision of the Board of Adjustment . . . or the decision of a permanent arbitrator shall be enforceable by a petition to confirm an arbitration

award filed in the Superior Court of the City and County of San Francisco, State of California.").

**AFFIRMED**.