**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: 1250 OCEANSIDE PARTNERS, <br><br> Debtor, <br><br>―――――――――――――――――― <br><br> 1250 OCEANSIDE PARTNERS, a Hawaii limited partnership, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> MARYL GROUP, INC.; SUN KONA FINANCE II, LLC, a Delaware limited liability company; HOKULI'A COMMUNITY ASSOCIATION, INC., a Hawaii non-profit corporation; HOKULI'A PARK AND CULTURAL SITES ASSOCIATION, INC., a Hawaii non-profit corporation; PAULETTE K. KALEIKINI, as Trustee of the | No. 14-15146 <br><br> D.C. No. 1:13-cv-00613-LEK-KSC <br><br><br> MEMORANDUM[*] |

―――――――――――――――――――

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

No Ka Hilinai O Ialua
Irrevocable Trust; JOHN DOES,
1-50; JANE DOES, 1-50; DOE
CORPORATIONS, 1-50; DOE
PARTNERSHIPS, 1-50,

Defendants - Appellees.

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted June 17, 2016[**]
Honolulu, Hawaii

Before: THOMAS, Chief Judge and CALLAHAN and MURGUIA, Circuit Judges.

Plaintiff-Appellant 1250 Oceanside Partners appeals an order granting Defendant-Appellee Maryl Group, Inc.'s motion to dismiss for improper venue. We reverse. Because the parties are familiar with the history of the case, we need not recount it here.

The district court erred when it enforced a purported forum selection clause in a land sale contract between the parties. That clause allowed Oceanside to judicially foreclose on "property covered by the Mortgage" in the event of a default by Maryl. Specifically and critically, the contract provided that Oceanside

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"may seek to foreclose on the property . . . by a foreclosure action filed in the Circuit Court of the Third Circuit, State of Hawaii[.]"  That clause, the district court held, prevented Oceanside from bringing a foreclosure action in Hawaii's federal bankruptcy court.

We enforce only those forum selection clauses that "contain language that clearly designates a forum as the exclusive one."  *N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995).  We found such language lacking in *Northern California District Council of Laborers* and in *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987).  Those cases held permissive forum selection clauses that provided, respectively, that an award "shall be enforceable by a petition" in a California state court, *N. Cal. Dist. Council of Laborers*, 69 F.3d at 1036; and that California state courts "shall have jurisdiction over the parties in any action," *Hunt Wesson*, 817 F.2d at 76.

However, we "have not treated the selection of a specific forum as exclusive of all other fora, unless the parties have expressly stated that it was."  *Reddam v. KPMG LLP*, 457 F.3d 1054, 1061 (9th Cir. 2006), *abrogated on other grounds by Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224 (2007).  Here, the purported forum selection clause lacks language clearly designating Hawaii's

3

Third Circuit as the exclusive forum for Oceanside's foreclosure. *See Pelleport Inv'rs, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 275 (9th Cir. 1984). Therefore, our case law dictates that it is not the exclusive forum.

The district court's contrary conclusion was error. Accordingly, we reverse. Given our resolution of the issues, we need not, and do not, reach any other issue urged by the parties.

**REVERSED.**