**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PERSONNEL STAFFING GROUP, LLC, DBA MVP Staffing, a Florida limited liability company, | No. 20-55503 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-06728-ODW-JEM |
| v. | MEMORANDUM[*] |
| PROTECTIVE INSURANCE COMPANY, an Indiana corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted April 6, 2021[**]
Pasadena, California

Before: W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Personal Staffing Group ("PSG") sued Protective Insurance Co.

("Protective") in Los Angeles Superior Court for breach of contract. Protective

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removed the action to federal court and then filed a motion to dismiss on *forum non conveniens* grounds.  The district court concluded that Indiana was a superior forum, granted the motion, and dismissed the action without prejudice.  We reverse.

1. PSG did not forfeit its argument that *forum non conveniens* dismissal is unavailable if transfer to a federal court is possible.  If the issue presented is "purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court," we may treat the argument as not forfeited.  *Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015) (quotation marks and citation omitted).  We do so here because the availability of *forum non conveniens* is a pure question of law, and Protective is not prejudiced by PSG's failure to raise the issue before the district court.

2. *Forum non conveniens* dismissal is unavailable if transfer to another federal district court is possible under 28 U.S.C. § 1404(a).  *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) (transfer statute meant to avoid harsh result of dismissal); *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Co.*, 549 U.S. 422, 430 (2007) ("For the federal court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the

2

more convenient place for trial of the action."); Charles Alan Wright & Arthur R. Miller, *15 Fed. Prac. & Proc.* § 3841 (4th ed. Oct. 2020 update).

Transfer to federal district court in Indiana was possible, as the contract does not obligate the parties to litigate this action in state court. The contract requires only that the parties submit to personal jurisdiction in Indiana; it does not require that litigation be conducted in a particular forum. *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77–78 (9th Cir. 1987); *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763–64 (9th Cir. 1989) (mandatory forum selection clause requires the parties to bring an action in a specific forum, to the exclusion of other forums).

Because transfer to Indiana federal court was possible, the district court erred by dismissing the action. Accordingly, we reverse and remand to allow a section 1404(a) transfer motion to be made.

**REVERSED and REMANDED.**