NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARCSONA INC.,

          Plaintiff - Appellant,

  v.

APPIRIO INC.; et al.,

          Defendants-Appellees.

No.   22-15234

D.C. No. 5:21-cv-05019-VKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California, San Jose
Virginia K. DeMarchi, Magistrate Judge, Presiding

Submitted December 8, 2022[**]
San Francisco, California

Before:  GRABER, WATFORD, Circuit Judges, and BATAILLON,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

Plaintiff Arcsona Inc. appeals the dismissal of its complaint for failure to state a claim.  We affirm.

Arcsona and Defendant Appirio Inc. (through Co-defendant Daniel M. Lascell) entered into an "Independent Contractor Agreement."  The agreement committed Arcsona to provide contract workers to Appirio and to litigate disputes in either state court in Santa Clara County or federal court in the Northern District of California.  Ultimately, Appirio engaged only two such contractors.  Lascell later admitted his distaste for Arcsona's CEO and his use of Arcsona's services only as a last resort.  Arcsona sued for promissory fraud in Santa Clara Superior Court, and Appirio removed the case to federal court under diversity jurisdiction.

### 1.     *Forum-Selection Clause*

Forum-selection clauses are presumed valid and enforceable, unless unreasonable under the circumstances, and are governed by federal common law and general contract principles, even in diversity.  We interpret such a clause *de novo*.  *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018); *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989); *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987).

The present clause provides:

> Any suit . . . arising out of . . . this Agreement shall be commenced . . . in the Northern District of California or in state court in Santa Clara County, California, and each party irrevocably submits to the jurisdiction and venue of such courts.

2

Arcsona contends that Appirio waived its right of removal. We disagree.

An exclusive designation—"[v]enue . . . shall be deemed to be in Gloucester County, Virginia"—implies waiver of removal. *Docksider, Ltd.*, 875 F.2d at 763–64. But a non-exclusive designation—"[t]he courts of California, County of Orange, shall have jurisdiction"—does not. *Hunt Wesson Foods, Inc.*, 817 F.2d at 76–77.

The apparent exclusivity here—"shall be commenced" and "irrevocably submits"—comprises, in fact, a bargained-for choice of venue: *either* state *or* federal. Nothing about removal offends this agreement. Consent, even irrevocable, to one venue does not exclude another to which the parties have *also* expressly consented. *See id.* at 77.

Neither of Arcsona's counterarguments compels. First, forum-selection clauses raise prudential, not jurisdictional concerns, and no one contests diversity jurisdiction here. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Kamm v. ITEX Corp.*, 568 F.3d 752, 754–56 (9th Cir. 2009); *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Second, no ambiguity exists to construe against Appirio. Accordingly, the district court did not err by denying remand.

## 2. *Promissory Fraud*

A complaint must allege sufficient facts, taken as true, to state a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Fraud pleadings require particularity, and we review *de novo* dismissal for failure to state a claim. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998, 1008 (9th Cir. 2018). We affirm the dismissal of the complaint.

A promise to act implies an intent to perform, so a promise without such intent implies misrepresentation. *Lazar v. Superior Ct.*, 909 P.2d 981, 985 (Cal. 1996). Promissory fraud entails a lack of intent to perform a promise when made, intent to deceive and induce reliance, deception and reliance, and resultant damages. *Fleet v. Bank of Am. N.A.*, 178 Cal. Rptr. 3d 18, 25 (Ct. App. 2014).

The operative complaint undermines any allegation that Appirio and Lascell never intended to perform the underlying agreement, which merely committed Arcsona to "provide professional services . . . [a]t the direction of Appirio" under certain terms. Appirio could not, having agreed to consider Arcsona's services, categorically refuse them. *See Locke v. Warner Bros.*, 66 Cal. Rptr. 2d 921, 925–26 (Ct. App. 1997). Yet, as the complaint admits, Appirio: (1) engaged two Arcsona contractors; and (2) avoided further engagement, "unless Appirio had no choice." In other words, the complaint contradicts the premise that Appirio

4

categorically refused Arcsona's services: Appirio *did* use Arcsona's services and *did contemplate* further use, albeit as backup.

Arcsona fairly notes that Appirio could not have declined to request contract workers in bad faith. While the implied covenant of good faith and fair dealing limits discretion, it does not redraft a contract. The agreement did not specify the circumstances in which Appirio would turn to Arcsona, the number of contractors it might have needed, or the criteria for choosing. Instead of requiring minimum engagement, it committed hiring decisions solely to Appirio. The agreement demanded no more. *See Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal. Inc.*, 826 P.2d 710, 726–28 (Cal. 1992). Because we hold that the operative complaint failed to state a claim, we need not decide whether Arcsona's claim would be barred by California's economic loss rule.

**AFFIRMED.**