# Louise Boland[1] *vs.* George S. May International Company.

No. 11-P-1300.

Middlesex. March 2, 2012. - June 7, 2012.

Present: Katzmann, Sikora, & Agnes, JJ.

*Contract,* Construction of contract, Choice of forum clause. *Practice, Civil,* Motion to dismiss, Choice of forum.

Discussion of the development of case law regarding the enforcement of contractual forum selection clauses [819-821], of the interpretation of such clauses [821-824], and of the distinction between exclusive and permissive contractual forum selection clauses [824-825].

In a civil action involving a contract for management services, the judge erred in allowing the defendant's motion to dismiss on the ground that the contract between the parties contained an enforceable forum selection clause conferring exclusive jurisdiction on the courts of another State [828], where the clause was jurisdiction-granting, or permissive, in nature, in that it did not contain a plain statement that jurisdiction in the given forum should be exclusive, and was not accompanied by choice of law language that would indicate an intent to make the given forum the exclusive one [825-826]; and in that traditional canons of construction required resolution of the ambiguity against the drafter of the contract [826-828].


Civil action commenced in the Superior Court Department on July 17, 2009.

A motion to dismiss was heard by *Herman J. Smith, Jr.,* J.

*Alan H. Aaron* for the plaintiff.

Agnes, J. The parties entered into a contract for management services that contained a forum selection clause by which they agreed "that jurisdiction shall vest in the State of Illinois." Although Massachusetts law regards such contractual terms as presumptively valid and enforceable, see *Jacobson* v. *Mailboxes Etc. U.S.A., Inc.,* 419 Mass. 572, 574-575 (1995) ("We accept

---

[1]Doing business as Focus on Fitness.

the modern view that forum selection clauses are to be enforced if it is fair and reasonable to do so"), the forum selection clause in this case was of the permissive and not the exclusive variety. It permitted, but did not require, the litigation to be brought in the State of Illinois. Accordingly, it was error to dismiss the plaintiff's complaint.[2,3]

*Factual background.* Louise Boland, the plaintiff-appellant, owns and operates a health and fitness club in Framingham known as "Focus On Fitness."[4] According to her complaint, the defendant, George S. May International Co. (May Co.), is a management consulting company organized under Delaware law with a principal place of business in Park Ridge, Illinois. On or about November 5, 2008, a representative of the May Co. contacted Boland and stated that the May Co. specialized in helping small businesses like the one owned by Boland increase their profits. The defendant's agent offered to perform an analysis of Boland's business for a one hundred dollar fee. Another agent of the May Co. contacted Boland the next day. She made representations that the May Co. had received an award in 2003 from the Better Business Bureau for ethical practices but allegedly failed to inform Boland that the defendant had lost its endorsement by the Better Business Bureau and was the subject

---

[2]A motion pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), is the correct vehicle to employ when the ground for dismissal is alleged to be that the court lacks jurisdiction as a result of an enforceable forum selection clause. See *Casavant* v. *Norwegian Cruise Line, Ltd.*, 63 Mass. App. Ct. 785, 790 (2005), cert. denied, 546 U.S. 1173 (2006).

[3]The plaintiff's complaint is in four counts and alleges a breach of contract, a violation of the covenant of good faith and fair dealing, fraud in the inducement, and unfair and deceptive acts and practices in violation of G. L. c. 93A arising out of a contract for services. The defendant filed a motion to dismiss, which was allowed by the Superior Court. In opposing the defendant's rule 12(b)(6) motion to dismiss, the plaintiff argued below that the forum selection clause was not exclusive. The plaintiff further argued that the language was ambiguous and should be construed against the defendant, who was the drafter. She repeated this argument on appeal. Although we believe the case can be decided on a different basis, the plaintiff's reasoning converges at the same result, see Discussion, *infra*, and thus was sufficient to raise and preserve the issue for our consideration.

[4]For the purpose of our review of the allowance of the motion to dismiss, we take the facts alleged in the complaint to be true and draw all reasonable inferences favorable to the plaintiff. See *Bevilacqua* v. *Rodriguez*, 460 Mass. 762, 764 (2011).

of numerous complaints arising out of contracts like the one offered to Boland. The agent received three years of financial documents to examine. She promised to research Boland's competitors and her product. She promised to generate additional profits for Boland through the use of what she termed "profit engineering," a term that was not defined and never explained.

As a result of these meetings, on November 7, 2008, Boland and the May Co. signed an agreement under which the defendant was obligated to develop marketing strategies to increase Boland's profit margin. The contract was prepared by the May Co. and consisted of a three-page, printed document in which the terms relating to the services to be provided, the responsibilities of the parties, and the method of payment are set forth in twelve numbered paragraphs. The contract called for weekly payments by the plaintiff upon presentation of invoices at the rate of $250 per hour for each individual "Staff Executive and Project Director," reasonable travel and lodging expenses incurred by said individuals, and an additional thirty-eight dollars per diem per person. The contract authorized Boland to terminate the agreement at the close of any business day subject to payment of charges due through that day. The final paragraph of the contract read as follows:

> "It is expressly agreed that this printed document embodies the entire agreement of the parties in relation to the subject matter of [m]anagement [s]ervice to be rendered by the [c]ompany, and that no understandings or agreement, verbal or otherwise, in relation thereto, exist between the parties except as herein expressly set forth. It is agreed by and between the parties that jurisdiction shall vest in the State of Illinois."

Boland alleged that she signed the contract on a Friday, that three representatives of the defendant appeared at her business the following day, and that she terminated the contract three days later (after expending $32,000) due to the May Co.'s failure to honor its representation that it would reduce her expenses and increase her profit margin.

*Discussion.* 1. *The enforcement of forum selection clauses.* In

*Jacobson* v. *Mailboxes Etc. U.S.A., Inc.*, 419 Mass. 572 (1995), a dispute between a Massachusetts franchisee and a California franchisor arose out of a contract that contained the following two provisions: "[1] Venue and Jurisdiction for all actions enforcing this agreement are agreed to be in the City of San Diego, County of San Diego, California; [2] [this agreement, as applicable to this case] is to be construed under and governed by the laws of the State of California." *Id.* at 573. The Supreme Judicial Court announced in *Jacobson* that the time had come to further adjust Massachusetts common law, which historically viewed forum selection clauses with disfavor,[5] as the United States Supreme Court had done in *The Bremen* v. *Zapata Off-Shore Co.*, 407 U.S. 1 (1972).[6] "We accept the modern view that forum selection clauses are to be enforced if it is fair and reasonable to do so. See Restatement (Second) of Conflict of Laws § 80 (1988 revision) ('The parties' agreement as to the place of the action will be given effect unless it is unfair or unreasonable')." *Jacobson*, 419 Mass. at 574-575. A party resisting the enforcement of a forum selection clause must establish that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *The Bremen, supra* at 18. *Cambridge Biotech Corp.* v. *Pasteur Sanofi Diagnostics*, 433 Mass. 122, 130 (2000). *Baby Furniture Warehouse Store, Inc.* v. *Meubles D & F Ltée*, 75 Mass. App. Ct. 27, 32 (2009). See *Huffington* v. *T.C. Group, LLC*, 637 F.3d 18, 23 (1st Cir. 2011). Underlying the result in *Jacobson* is the core principle in the law of contracts that courts generally should respect the intentions of the contracting parties. See *Lambert* v. *Kysar*, 983 F.2d 1110, 1118 (1st Cir. 1993).

Since *Jacobson*, appellate courts and trial judges in Massachusetts have enforced forum selection clauses in a variety of settings. In *Karty* v. *Mid-America Energy, Inc.*, 74 Mass. App. Ct. 25 (2009), this court followed *Jacobson* and held valid a

---

[5]"Forum-selection clauses [had] historically not been favored by American courts" because the effect of enforcing them "was to 'oust the jurisdiction' of the court." *The Bremen* v. *Zapata Off-Shore Co.*, 407 U.S. 1, 9 (1972).

[6]In *The Bremen*, the Supreme Court announced the Federal common law rule that forum selection clauses are valid and enforceable, except when it is shown that enforcement would be unreasonable.

forum selection clause contained in a subscription agreement for the purchase of an interest in a limited liability partnership organized to drill and to operate oil wells in Kentucky. *Id.* at 30. The clause in *Karty* required disputes regarding the agreement to be resolved in Kentucky. We held that the clause was enforceable in an investor's fraud action against seller. *Karty* reinforces the view expressed in *Jacobson* that forum selection clauses enjoy presumptive validity and can be challenged in only limited circumstances. Thus, even though the plaintiff in *Karty* alleged fraud in the inducement, this court followed the modern trend and held that general allegations of fraud in the inducement of a contract are an insufficient basis for declining to enforce a forum selection clause. *Karty, supra* at 30. Accord *Lambert* v. *Kysar, supra* at 1121.

In *Cambridge Biotech, supra,* the Supreme Judicial Court enforced a forum selection clause in the context of an international commercial transaction with the result that the litigation was required to be submitted to the courts of France. The court rejected the plaintiff's concerns that due to unfamiliarity with bankruptcy procedure, it was so unfair and unreasonable to refer the dispute to French courts as to constitute a "denial of justice." See *id.* at 130 n.8 (court observed that such a clause will be enforced unless a party demonstrates that it was obtained "by fraud, duress, the abuse of economic power, or any other unconscionable means").

2. *The interpretation of forum selection clauses.* In each of the cases cited above, the courts were faced with the question whether to enforce mandatory and exclusive forum selection clauses, i.e., contractual terms that directly or by implication from the words used by the parties required the parties to litigate a contractual dispute in a specific jurisdiction other than the one in which the case was pending. See *The Bremen, supra* at 3 (forum selection clause provided that *"[a]ny dispute* arising must be treated before the London Court of Justice" [emphasis added]); *Jacobson, supra* at 573 (forum selection clause provided that "Venue and Jurisdiction *for all actions* enforcing this agreement are agreed to be in the City of San Diego, County of San Diego, California" [emphasis added]); *Cambridge Biotech, supra* at 124 (forum selection clause provided that *"[s]hould*

*any controversy* exist or arise under the present [a]greement, it is herewith agreed that the parties shall bring it before the courts in the country of the respective defendant" [emphasis added]); *Karty, supra* at 28 (forum selection clause provided that *"exclusive venue and jurisdiction* for all matters in dispute shall also be in Warren County, Commonwealth of Kentucky. All disputes and breaches hereunder shall be submitted to binding arbitration pursuant to the rules of the American Arbitration Association then pertaining in Bowling Green, Kentucky" [emphasis added]); *Baby Furniture Warehouse, supra* at 28-29 (forum selection clause provided that *"[a]ny dispute* arising out of or concerning this [p]olicy statement shall be governed by the laws of the province of Quebec; and the [a]uthorized [d]ealer and Ragazzi agree to submit themselves to the jurisdiction of the provincial courts sitting in the province of Quebec for resolution of any disputes arising out of or related to this [p]olicy or the relationship between the [a]uthorized [d]ealer and Ragazzi Furniture" [emphasis added]).

The present case presents a different type of forum selection clause — one that confers jurisdiction on a forum but omits any requirement of exclusive jurisdiction.

In *Hunt Wesson Foods, Inc.* v. *Supreme Oil Co.*, 817 F.2d 75 (9th Cir. 1987), the United States Court of Appeals for the Ninth Circuit reviewed a contract between the plaintiff, a Delaware corporation with its corporate offices in California, and the defendant, a New Jersey corporation, that contained a forum selection clause that read as follows:

> "Buyer and [s]eller expressly agree that the laws of the State of California shall govern the validity, construction, interpretation, and effect of this contract. The courts of California[,] County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or interpretation of this contract."

*Id.* at 76.

The Federal District Court viewed the clause in that case as a binding forum selection clause that required the parties to litigate their contract dispute over goods sold and delivered in the Orange County California Superior Court. The Ninth Circuit

reversed. The court reasoned that the general rule that the interpretation of a contract presents a question of law for the court in all but those cases in which there is ambiguity required the court to ascertain the meaning of a forum selection clause before addressing its enforceability. *Id*. at 77. Applying the "plain meaning" rule of contract interpretation,[7] the Ninth Circuit concluded that the forum selection clause in question was permissive but not exclusive.

> "Here, the plain meaning of the language is that the Orange County courts shall have jurisdiction over this action. The language says nothing about the Orange County courts having exclusive jurisdiction. The effect of the language is merely that the parties consent to the jurisdiction of the Orange County courts. Although the word "shall" is a mandatory term, here it mandates nothing more than that the Orange County courts have jurisdiction. Thus, Supreme cannot object to litigation in the Orange County Superior Court on the ground that the court lacks personal jurisdiction. Such consent to jurisdiction, however, does not mean that the same subject matter cannot be litigated in any other court. In other words, the forum selection clause in this case is permissive rather than mandatory."

*Ibid*.[8] The general rule that has emerged from "cases containing forum selection clauses is that [w]hen only jurisdiction is specified [in a forum selection clause] the clause will generally not be enforced [as exclusive] without some further language indicating the parties' intent to make jurisdiction exclusive." *John Boutari & Son, Wines & Spirits, S.A.* v. *Attiki Importers & Distribs. Inc.*, 22 F.3d 51, 52-53 (2d Cir. 1994), citing *Hunt*

---

[7]"A primary rule of interpretation is that '[t]he common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it.' 4 S. Williston, A Treatise on the Law of Contracts § 618 (W. Jaeger 3d ed. 1961)." *Hunt Wesson, supra* at 77. As discussed *infra*, we apply the same rule to the interpretation of contracts. See, e.g., *Snider* v. *Deban*, 249 Mass. 59, 61 (1924).

[8]In *Hunt Wesson, supra*, the Ninth Circuit offered an alternative rationale based on the rule of contract interpretation that "where language is ambiguous the court should construe the language against the drafter of the contract." *Id*. at 78. At least two other Federal Circuit Courts of Appeal have followed this approach. See *Keaty* v. *Freeport Indonesia, Inc.*, 503 F.2d 955, 956-957 (5th Cir. 1974); *Citro Fla., Inc.* v. *Citrovale, S.A.*, 760 F.2d 1231, 1231-1232 (11th Cir. 1985).

*Wesson, supra* at 77-78. Accord *Docksider, Ltd.* v. *Sea Technology, Ltd.,* 875 F.2d 762, 763-764 (9th Cir. 1989); *Northern Cal. Dist. Council of Laborers* v. *Pittsburgh-Des Moines Steel Co.,* 69 F.3d 1034, 1036 (9th Cir. 1995); *United Intl. Holdings, Inc.* v. *Wharf (Holdings) Ltd.,* 210 F.3d 1207, 1223 (10th Cir. 2000), aff'd, 532 U.S. 588 (2001); *Muzumdar* v. *Wellness Intl. Network, Ltd.,* 438 F.3d 759, 762 (7th Cir. 2006); *Intra-Comm, Inc.* v. *Bajaj,* 492 F.3d 285, 290 (4th Cir. 2007); *Rivera* v. *Centro Medico de Turabo, Inc.,* 575 F.3d 10, 17-18 (1st Cir. 2009).[9]

3. *The distinction between "exclusive" and "permissive" forum selection clauses.* A "threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory. 'Permissive forum selection clauses, often described as "consent to jurisdiction" clauses, authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere. . . . In contrast, mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum.' " *Rivera* v. *Centro Medico de Turabo, Inc., supra* at 17, quoting 14D Wright, Miller, & Cooper, Federal Practice and Procedure § 3803.1 (3d ed. 1998). Thus, permissive forum selection clauses are only permissive in that they are nonexclusive. Compare *Foster* v. *Hurley,* 444 Mass. 157, 161 (2005) ("We agree that the agreement makes plain that Foster has *a* remedy . . . . We do not agree, however, that the word "shall," as used in the agreement[,] was intended to preclude Foster from pursuing any other remedies available to him to secure the benefits promised" [emphasis original]). Such clauses mandate that the parties submit to jurisdiction in a given forum if one of the parties chooses to bring suit in that forum, even if they would otherwise have legitimate defenses to being haled into

---

[9]It might be contended that the reference here to Illinois should be regarded as both mandatory and exclusive based on the familiar interpretive principle "expressio unius est exclusio alterius" (to express or include one thing implies the exclusion of the other). However, this maxim is not a hard-and-fast rule. See, e.g., *Sellers's Case,* 452 Mass. 804, 812-813 (2008). See also *Mailhot* v. *Travelers Ins. Co.,* 375 Mass. 342, 348 (1978) (describing the maxim as "at most only a fallible aid to decision"). See generally Black's Law Dictionary 661 (9th ed. 2009), defining the phrase and quoting Dickerson, The Interpretation and Application of Statutes 234-235 (1975) ("the maxim is at best a description, after the fact, of what the court has discovered from context").

court in that forum, such as lack of personal jurisdiction. As a result, the clauses still have a practical benefit. See *Hunt Wesson*, 817 F.2d at 77 (due to permissive forum selection clause, defendant cannot object to forum "on the ground that the court lacks personal jurisdiction. . . . Such consent, however, does not mean that the same subject matter cannot be litigated in any other court"); *Dunne* v. *Libbra*, 330 F.3d 1062, 1064 (8th Cir. 2003) ("we disagree . . . that the forum selection clause becomes surplusage if read as permissive rather than mandatory. . . . The presence of the clause avoids the need to rely solely on the traditional minimum contacts analysis by providing a second, stronger basis for jurisdiction").

"The construction of a written contract which is plain in its terms and free from ambiguity presents a question of law for the court." *Hiller* v. *Submarine Signal Co.*, 325 Mass. 546, 549-550 (1950). Words that are plain and free from ambiguity must be construed "in their usual and ordinary sense." *Citation Ins. Co.* v. *Gomez*, 426 Mass. 379, 381 (1998). The unyielding rule of law in such cases is to give effect to the intention of the parties. See *Lovell* v. *Commonwealth Thread Co.*, 272 Mass. 138, 141 (1930).

In this case, the forum selection clause declares that "jurisdiction shall vest in the State of Illinois." There is no plain statement that this jurisdiction should be exclusive. Cf. *Telco Communications, Inc.* v. *New Jersey State Firemen's Mut. Benevolent Assn.*, 41 Mass. App. Ct. 225, 227-228 (1996).[10] In addition, the selection of a forum in this case was not accompanied by choice of law language that would indicate an intent to make Illinois the exclusive forum. See *Autoridad de Energia Electrica de Puerto Rico* v. *Ericisson Inc.*, 201 F.3d 15, 18-19

---

[10]In *Telco*, we were asked to interpret a choice of law clause, which provided that "[t]his agreement shall be governed by, construed in accordance with, and only enforced pursuant to the laws of the Commonwealth of Massachusetts," as a mandatory forum selection clause. In rejecting that interpretation of the parties' intent, we observed that although the clause "pointed to Massachusetts law as controlling in case of dispute . . . it did not express an agreement of the parties that Massachusetts was to be the exclusive forum in which a legal proceeding could be maintained." *Id.* at 227. This supports the view that although a forum selection clause is presumptively valid, in interpreting such clauses there is no basis for applying a presumption that the clause was intended by the parties to be exclusive.

(1st Cir. 2000). A clause like the one in this case is best described as a jurisdiction-granting clause, or permissive forum selection clause. See *Rivera* v. *Centro Medico de Turabo, Inc., supra.* Compare Multifeeder Technology, Inc. *vs.* British Confectionery Co., Ltd., U.S. Dist. Ct., No. 09-1090 (JRT/AJB), slip op. at 5 (D. Minn. Dec. 15, 2009) (forum selection clause at issue provided that "[e]ach party hereby submits itself for the sole purpose of this [a]greement and any controversy arising hereunder to the jurisdiction of the courts located in the Province of Newfoundland and Labrador").

Giving effect to the intent of the contracting parties in the interpretation of a forum selection clause is not only in keeping with our general approach to the interpretation of contracts, but it is consistent with the Restatement (Second) of Conflict of Laws § 80 approach relied upon in *Jacobson*, 419 Mass. at 574-575, and other Massachusetts decisions. This approach also is consistent with the national view that when the parties expressly state in their contract that a court or the courts of one or more specific jurisdictions (State or Federal, domestic or international) shall have exclusive jurisdiction over any disputes arising out of the contract[11] or when, as in this case, the expressed intent of the parties is that a forum should have jurisdiction, but not exclusive jurisdiction, courts will enforce such choices. See 7 Williston, Contracts § 15:15 (4th ed. 2010); 15 Corbin, Contracts § 83.6 (2003). There is no general rule that will fit all cases and provide the answer to whether a forum selection clause is exclusive or permissive. See *Rivera* v. *Centro Medico de Turabo, Inc.*, 575 F.3d at 17.[12]

4. *Alternative basis for the result.* There is an alternative mode of analysis in this case that converges at the same result. In *Hunt Wesson*, 817 F.2d at 78, the court observed, as a separate basis of decision, that a forum selection clause that is ambiguous as to

---

[11]Parties may choose to limit the exclusive nature of a forum selection clause to only certain specific disputes as opposed to any and all disputes that may arise between them.

[12]For example, a forum selection clause may be mandatory and exclusive even when the parties do not use the phrase "exclusive jurisdiction" but instead combine a choice of law clause with a forum selection clause in such a way that the intent to confer exclusive jurisdiction is clear as a matter of law. See, e.g., *Baby Furniture Warehouse*, 75 Mass. App. Ct. at 28-29.

whether jurisdiction in a particular forum was exclusive or permissive should result in an interpretation against the position of the drafter of the contract. At least two other Federal Circuit Courts of Appeal have agreed. See note 8, *supra.* That analytical approach comfortably fits this case as well.

"The aim of all interpretation of writings is to ascertain the meaning intended to be attached to the words by the parties who used them, and to effectuate the true purpose of the parties as thus ascertained." *Clark* v. *State St. Trust Co.,* 270 Mass. 140, 151-152 (1930). See *Edwin R. Sage Co.* v. *Foley,* 12 Mass. App. Ct. 20, 28 (1981), and cases cited. The operative sentence here omits any reference to exclusive jurisdiction between Illinois and Massachusetts; it also lacks an accompanying designation of choice of law. See *Bank* v. *Thermo Elemental Inc.,* 451 Mass. 638, 648 (2008); *Berkowitz* v. *President & Fellows of Harvard College,* 58 Mass. App. Ct. 262, 270 (2003); *Diamond Crystal Brands, Inc.* v. *Backleaf, LLC,* 60 Mass. App. Ct. 502, 504-505 (2004). A term is ambiguous if it is susceptible of more than one meaning and if reasonably intelligent people would differ over the proper meaning. See *Citation Ins. Co.* v. *Gomez,* 426 Mass. 379, 381 (1998); *Quinn* v. *Mar-Lees Seafood, LLC,* 69 Mass. App. Ct. 688, 695 (2007). Here, the forum selection sentence in the May Co. contract permits a view of jurisdiction either as exclusive in Illinois or as permissibly concurrent in both Illinois and Massachusetts. There is no indication elsewhere in the contract of the intent of the parties. "As a general rule, a writing is construed against the author of the doubtful language, . . . if the circumstances surrounding its use and the ordinary meaning of the words do not indicate the intended meaning of the language." *Merrimack Valley Natl. Bank* v. *Baird,* 372 Mass. 721, 724 (1977). Accord *Barney* v. *Newcomb,* 9 Cush. 46, 56 (1851). In this case, that guidance leads us to a view of the forum selection clause as a grant of concurrent jurisdiction in both Illinois and Massachusetts.

In addition, in cases of the present category, the traditional canon of construction that resolves ambiguity against the drafter places an appropriate burden of plain statement on the author of a forum selection clause. In this way, a party of lesser sophistica-

tion or bargaining leverage that is engaged in a negotiation with a party of greater sophistication or bargaining leverage will receive clear warning that it may be required to litigate disputes arising out of the contract in a distant forum.

5. *It was error to dismiss the complaint.* The defendant's motion to dismiss was premised on the view that the contract between the parties contained an enforceable forum selection clause that conferred exclusive jurisdiction on the courts of the State of Illinois. In this case, an interpretation of the forum selection clause based on the usual and ordinary meaning of the words used by the parties requires a different result — the clause is enforceable, but it is merely permissive. The plaintiff had the right to bring her action in the courts of this Commonwealth, just as the defendant, had it brought suit, could have selected the courts of the State of Illinois.

*Judgment reversed.*