NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

17-P-1115                                        Appeals Court

EMPIRE LOAN OF STOUGHTON, INC. vs.  STANLEY CONVERGENT SECURITY
SOLUTIONS, INC.

No. 17-P-1115.

Norfolk.     November 8, 2018. - January 24, 2019.

Present:  Sullivan, Kinder, & Shin, JJ.

Appeals Court, Jurisdiction.  Practice, Civil, Notice of appeal,
    Motion to dismiss, Choice of forum.  Contract, Choice of
    forum clause, Choice of law clause.

Civil action commenced in the Superior Court Department on
July 24, 2015.

A motion to dismiss was heard by Beverly J. Cannone, J.,
and a motion for reconsideration was considered by her.

A motion to dismiss the appeal was heard in the Appeals
Court by Rubin, J.

Dana E. Casher for the plaintiff.
Christopher A. Duggan (Nicole B. Cordeiro also present) for
the defendant.

KINDER, J.  Pawn shop operator Empire Loan of Stoughton,

Inc. (Empire), filed a complaint in Superior Court against

Stanley Convergent Security Solutions, Inc. (Stanley), a

supplier and servicer of security systems, alleging, among other things, that Stanley breached a contract with Empire by failing to properly monitor and maintain a security system it sold to Empire. A Superior Court judge allowed Stanley's motion to dismiss because the contract contained a forum selection clause that provided that any action against Stanley must be brought in Hartford, Connecticut. On appeal, Empire claims error in the order of dismissal, arguing that the forum selection clause is unenforceable. In a consolidated appeal, Stanley argues that its motion to dismiss Empire's appeal for lack of jurisdiction should have been allowed by the single justice. We affirm the order of the single justice and the judgment dismissing Empire's claims.

Background. Stanley filed its motion to dismiss the complaint under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), which, in the normal course, "is the correct vehicle to employ when the ground for dismissal is alleged to be that the court lacks jurisdiction as a result of an enforceable forum selection clause." Boland v. George S. May Int'l Co., 81 Mass. App. Ct. 817, 818 n.2 (2012). However, when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [Mass. R. Civ. P. 56, 365 Mass. 824 (1974)]." Mass. R. Civ. P. 12 (b). Because both parties submitted

affidavits in connection with the motion to dismiss and the record does not show that the judge excluded them, we treat the motion as one for summary judgment.[1]  See Baby Furniture Warehouse Store, Inc. v. Meubles D&F Ltée, 75 Mass. App. Ct. 27, 29 n.3 (2009).  Our review of the record in the light most favorable to Empire, the nonmoving party, id., reveals the following material facts.

Empire is a Massachusetts company that operates five Massachusetts pawn shops, including one in Stoughton.[2]  Stanley is a Delaware corporation doing business in Massachusetts with an office in Woburn.  Beginning in 2011, Empire and Stanley entered into eight contracts in which Stanley agreed to install and monitor security systems in Empire's pawn shops in exchange for monthly payments.  As relevant here, the contracts stated that they were entered into in Connecticut, that they "shall be interpreted, enforced and governed under the laws of the State of Connecticut without regard to application of conflicts of laws principals [sic] that would require the application of any

---

[1] Neither the memorandum of decision on the motion to dismiss nor the judgment indicates under which rule it entered, and there is no transcript before us of the hearing on the motion.

[2] We simplify here for convenience, but it does not affect our analysis.  Empire is actually one of five corporations run by the same principals, with the other companies operating affiliated pawn shops at four other Massachusetts locations.

other law," and that "[a]ny action regarding this agreement or otherwise brought against [Stanley] by or on behalf of any party to this agreement . . . shall be maintained in a court in Hartford, Connecticut."

Stanley's Massachusetts salesperson Robert Corrieri negotiated the contracts with Empire's general manager, Steven Duva, and its president, Michael Goldstein.  Viewing the evidence in the light most favorable to Empire, the negotiations actually occurred in Massachusetts.  The parties negotiated prices, and Duva inserted handwritten terms into the agreement relating to Empire's pawn shop in Lynn.  Each page of every contract bears the signature or initials of Duva or Goldstein, neither of whom objected to the forum selection clause.  In executing each contract, Duva and Goldstein agreed that they had "read th[e] entire [a]greement" and would "be bound by all its terms and conditions."

Business between Empire and Stanley proceeded without incident until December 25, 2014, when two unidentified burglars disabled the telephone wire to the Stoughton pawn shop, tore wiring from the security system, broke in, and damaged or stole property.  Neither Stanley nor the security system alerted Empire or the police.  As a result of the burglary, Empire sustained losses that were not covered by insurance.

Discussion.  1.  Motion to dismiss the appeal.  We first address Stanley's claim that the Appeals Court lacks jurisdiction over this appeal because Empire did not file "a valid, timely notice of appeal."  More specifically, Stanley argues that the single justice should have dismissed the appeal on its motion because Empire did not file a new notice of appeal after the denial of Empire's motion to reconsider.  We disagree.

The procedural history follows, with all dates referring to the year 2016.  On June 28, the Superior Court judge's order entered allowing the motion to dismiss Empire's complaint.  On July 29, Empire served Stanley with a motion for reconsideration.  Empire filed a notice of appeal from the order of dismissal on August 2; however, the judgment dismissing the complaint did not enter until August 5.  On August 26, Empire filed a notice of appeal from the judgment of dismissal.  Empire's motion for reconsideration was denied on August 31, and Empire did not notice an appeal after that decision.

We begin our analysis by assuming, without deciding, that if the August 26 notice of appeal is not effective, we would not have jurisdiction to hear the appeal from the judgment.  See DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 170 (2018) ("A timely notice of appeal is a jurisdictional prerequisite to our authority to consider any matter on appeal").  But see Roch v. Mollica, 481 Mass. 164, 165 n.2 (2019) (deciding merits of

appeal where sole notice of appeal was of no effect due to timely filed motion for reconsideration). To be effective, a notice of appeal must be filed "within thirty days of the date of the entry of the judgment appealed from." Mass. R. A. P. 4 (a), as amended, 464 Mass. 1601 (2013). The thirty-day appeal period may be tolled by the filing of a "timely motion," among other things, "to alter or amend a judgment under Rule 59 or for relief from judgment under Rule 60, however titled," Mass. R. A. P. 4 (a), which may include a motion to reconsider the judgment. See 2013 Reporter's Notes to Mass. R. A. P. 4, 2 Mass. Ann. Laws Court Rules, Rules of Appellate Procedure, at 11 (LexisNexis 2018). Such motions to alter or amend a judgment or for relief from the judgment are timely only "if either motion is served within ten days after entry of judgment" (emphasis added). Mass. R. A. P. 4 (a). The parties then have thirty days after entry of the order disposing of the motion to file a new notice of appeal. "A notice of appeal filed before the disposition of any of the above motions shall have no effect." Id.

In denying Stanley's motion to dismiss for lack of appellate jurisdiction, the single justice concluded that Empire's motion for reconsideration was not a "timely" one under rule 4 (a). We discern no error in that conclusion because it is undisputed that the motion was served before judgment

entered.  Moreover, Empire's motion for reconsideration, which only sought reconsideration of the allowance of the motion to dismiss, was not a motion for reconsideration that tolls the time period for filing a notice of appeal.  Only motions seeking reconsideration of a judgment have that effect under rule 4 (a).  Accordingly, Empire's motion to reconsider did not toll the running of the thirty-day appeal period and a new notice of appeal was not required when the motion was denied.  Empire's August 26 notice of appeal, filed within thirty days of entry of the judgment of dismissal, conferred jurisdiction on this court, and we therefore reach the merits.[3]

2.  <u>Enforceability of the forum selection clause</u>.  The Superior Court judge allowed Stanley's motion to dismiss, reasoning that "the forum selection language is clear and unambiguous, is presented fairly and conspicuously and . . . the contract was entered into by sophisticated parties who have agreed to litigate in Connecticut."  She further concluded that (1) "[t]he forum selection clause is fair and reasonable because there is no evidence of fraud, duress, or substantial imbalance

---

[3] Our holding is limited to the particular procedural situation before us.  We do not decide whether a premature motion for reconsideration might toll the time period for filing a notice of appeal in other circumstances.  However, it should serve as a reminder that a party who relies on a prejudgment motion for reconsideration in delaying its notice of appeal does so at its peril.

of bargaining power between the two parties," (2) the forum selection clause is not in contravention of public policy, and (3) "a trial in Connecticut, as agreed to by the parties, would not be so gravely difficult that the plaintiff would be deprived of its day in court."  We review the judge's decision de novo to determine whether Stanley has established that, viewing the evidence in the light most favorable to Empire, there is no genuine issue as to any material fact and that Stanley is entitled to a judgment as a matter of law.  See Scarlett v. Boston, 93 Mass. App. Ct. 593, 596-597 (2018), citing Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).

a.  Choice of law.  We first determine which State's substantive law should be used to analyze the enforceability of the contract's forum selection clause.  "Where, as here, 'the parties have expressed a specific intent as to the governing law, Massachusetts courts will uphold the parties' choice as long as the result is not contrary to public policy.'"  Oxford Global Resources, LLC v. Hernandez, 480 Mass. 462, 468 (2018), quoting Hodas v. Morin, 442 Mass. 544, 549-550 (2004).  A choice-of-law provision is not contrary to public policy unless "'(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) [where] application of the law of the chosen state would be contrary to a fundamental

policy of a state which has a materially greater interest than the chosen state [in the determination of the particular issue]' and is the State whose law would apply . . . 'in the absence of an effective choice of law by the parties.'" Id. at 469, quoting Hodas, supra at 550.

The record in this case shows little connection between the parties and Connecticut. According to the contract, Stanley is located in Naperville, Illinois. Although Stanley's memorandum in support of its motion to dismiss suggests that it has a national branch office in Trumbull, Connecticut, there is no record evidence to support that claim. The contract states that it was entered into in the State of Connecticut, but that fact is disputed. Marc Gundersheim, an officer and director of Empire, states in an affidavit that the contract was entered into in Massachusetts.[4] Other than these unsupported or disputed claims, there is nothing in the record establishing any relationship between the parties and the State of Connecticut,

---

[4] Gundersheim fails to state the basis for his personal knowledge of these facts as required by Mass. R. Civ. P. 56 (e) ("affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein"). See Madsen v. Erwin, 395 Mass. 715, 721 (1985). However, because Stanley did not move to strike the affidavit and the record is open to our independent consideration, we consider the location of the execution of the contract to be disputed. See Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 123 n.1 (1997).

much less a substantial relationship.  It is undisputed, however, that Empire is located in Massachusetts, where (1) both parties do business, (2) the contract was negotiated, (3) the conduct at issue occurred, and (4) Empire sustained losses.  On this record, we conclude that Connecticut does not have a substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice of law.  See Oxford Global Resources, LLC, supra at 467 (setting forth factors to be considered in identifying State with most significant relationship).  The choice-of-law provision in the contract is therefore unenforceable, and we apply the substantive law of Massachusetts to determine the enforceability of the forum selection clause.

b.  Forum selection.  Forum selection clauses are presumptively enforceable in Massachusetts "so long as they are fair and reasonable."  Melia v. Zenhire, Inc., 462 Mass. 164, 182 (2012).  See Jacobson v. Mailboxes Etc. U.S.A., 419 Mass. 572, 575 (1995).  The proponent of a forum selection clause bears the burden of showing that the clause was reasonably communicated and accepted.  Ajemian v. Yahoo!, Inc., 83 Mass. App. Ct. 565, 574 (2013), S.C., 478 Mass. 169 (2017), cert. denied sub nom. Oath Holdings, Inc. v. Ajemian, 138 S. Ct. 1327 (2018).  By contrast, "[t]he opponent of a forum selection clause bears the 'substantial burden' of showing that

enforcement of a forum selection clause would be unfair and unreasonable."  Melia v. Zenhire, Inc., supra, quoting Cambridge Biotech Corp. v. Pasteur Sanofi Diagnostics, 433 Mass. 122, 133 (2000).

Stanley has met its burden of showing that the forum selection clause was reasonably communicated and accepted by Empire.  Stanley negotiated eight separate contracts with Empire's president and general manager, each of which contained an identical forum selection clause.  Neither the president nor the general manager objected to the forum selection clause, and nothing in the record supports an inference that they did not see or understand that clause.  Rather, by executing the contracts, they agreed that they "read th[e] entire [a]greement."  The president or the general manager signed or initialed each page of every contract, and in the case of the contract relating to the Lynn shop, the general manager inserted additional contract terms directly under the forum selection clause.  In these circumstances, Empire's assertion that it signed the contracts with little or no knowledge of their terms rings hollow.

Empire claims the forum selection clause is unfair and unreasonable because (1) the contract is one of adhesion, (2) its witnesses would be unavailable for a trial in Connecticut, and (3) forcing Empire to litigate in Connecticut would deprive

Empire of its contract-based G. L. c. 93A claim, in violation of Massachusetts public policy.  We address each argument in turn.

A contract of adhesion is one that is "drafted unilaterally by the dominant party and then presented on a 'take-it-or-leave-it' basis to the weaker party who has no real opportunity to bargain about its terms."  Restatement (Second) of Conflict of Laws § 187 comment b (1971).  While there is no dispute that Stanley drafted the contracts at issue here, they were subject to negotiation.  Empire concedes that the parties negotiated "what components would be installed, the level of service and maintenance plans, and the pricing," and it is undisputed that handwritten terms were inserted into the agreement relating to Empire's pawn shop in Lynn.  Thus, we agree with the motion judge that this was not a contract of adhesion.  Moreover, even adhesion contracts are enforceable "unless they are unconscionable, offend public policy, or are shown to be unfair in the particular circumstances."  Chase Commercial Corp. v. Owen, 32 Mass. App. Ct. 248, 253 (1992).  We see nothing unconscionable or unfair in this case where the principals were sophisticated business people and there is no claim of fraud in the contract's execution.  See Miller v. Cotter, 448 Mass. 671, 680 (2007).  Accordingly, on this point, Empire has failed to meet its substantial burden of showing that enforcement of the forum selection clause would be unfair and unreasonable.

Second, we find no merit in Empire's claim that it would be unfair and unreasonable to enforce the forum selection clause because it cannot present the testimony of Massachusetts witnesses in a Connecticut proceeding.  Even assuming that the subpoena power of a Hartford forum would not extend to Massachusetts witnesses, which is not clear from this record, nothing would prevent depositions taken in Massachusetts from being presented in the courts of Connecticut.  See Connecticut Practice Book §§ 13-27(f), 13-29(d), 13-31 (2018).

Finally, we are not persuaded by Empire's claim that enforcing the forum selection clause in this case would deprive Empire of its contract-based G. L. c. 93A claim in violation of Massachusetts public policy.  Assuming, without deciding, that Empire has a viable G. L. c. 93A claim against Stanley, Empire has not shown that a Connecticut forum could not apply Massachusetts law to its unfair or deceptive business practice claim.  In Connecticut, "[a] principled search for the local law of the state with the most significant relationship to the occurrence and the parties will often cause foreign law to be recognized as the law that should govern the controversy."  O'Connor v. O'Connor, 201 Conn. 632, 648 (1986).  Thus, we see no reason why a Connecticut court could not properly apply our statute, where (1) the injury and the conduct alleged to have caused the injury occurred in Massachusetts, (2) Empire is a

Massachusetts company, (3) Stanley maintains an office in Massachusetts, and (4) the parties' relationship is centered in Massachusetts.  See id. at 652, quoting Restatement (Second) of Conflict of Laws § 145(2) (1971).

For all of these reasons we discern no error in the judge's conclusion that the forum selection clause is valid and enforceable.  The judgment dismissing Empire's complaint is affirmed, as is the order of the single justice denying Stanley's motion to dismiss Empire's appeal.

So ordered.